IN THE DISTRICT COURT OF OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN DISTRICT COURT
OKLAHOMA COUNTY

FEB -4 2019

RICK WARREN
COURT CLERK
48_____

KAREN PORTER,

    Plaintiff,

v.

ORANGE LEAF HOLDINGS, LLC,

    Defendant.

Case No. CJ-2019-

CJ-2019-628

## PETITION

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

1. Plaintiff is Karen Porter, an adult resident of Kittitas County, Washington.

2. Defendants is Orange Leaf Holdings, LLC, a domestic limited liability company doing business in Oklahoma County, Oklahoma.

## CLAIMS AND VENUE

3. Plaintiff's cause of action is for discrimination on the basis of sex and age, and/or gender plus, in violation of Title VII of the Civil Rights Act and the Age Discrimination in Employment Act, as well as Oklahoma's Anti-Discrimination Act; further, Plaintiff claims retaliation due to her complaints of differential treatment in violation of the same statutes.

EXHIBIT 1

4. The majority of the acts described herein occurred in Oklahoma County and venue is proper in this Court.

## STATEMENT OF FACTS

5. Defendant employed twenty (20) or more employees during each of at least twenty (20) weeks of the current or preceding calendar year and is a covered employer under the ADEA, as well as Title VII. There is no minimum number of employees required to be covered by the OADA.

6. Plaintiff was employed by Defendant from approximately December 7, 2015, until her termination on or around December 8, 2017, as the vice president of marketing.

7. At the time of Plaintiff's termination, she was age fifty-four (54).

8. Plaintiff was hired by Geoff Goodman, approximately age 46, male, then-President of Defendant.

9. Goodman later advised Plaintiff that Plaintiff was hired, in part, due to the company looking for a "more mature" (i.e. older) person to be the team leader.

10. Plaintiff was significantly older than the employees of Defendant with whom she worked and was the only female on the leadership team.

11. Around November 2017, Mr. Goodman left employment with Defendant and Plaintiff's new supervisor became Reese Travis, a significantly-

younger male.

12. Mr. Travis would not treat Plaintiff in the same manner as the younger members of Plaintiff's team and would avoid interacting with Plaintiff in favor of them.

13. Further, Mr. Travis would seek information from Plaintiff, but would ignore Plaintiff when she provided the information to him.

14. Around November 15, 2017, Mr. Travis met with Plaintiff to discuss work-related matters, including Plaintiff's work schedule. During this meeting, Mr. Travis advised Plaintiff he wanted to change Plaintiff's schedule to be full time in Oklahoma City, when previously she had been commuting and working remotely.

15. Plaintiff requested to keep the same schedule due to the agreement she had with Defendant, but Mr. Travis refused.

16. Plaintiff complained that other (younger) employees were being allowed to work remotely and it was not fair that Plaintiff was singled out.

17. At the conclusion of the November 15 meeting, Mr. Travis advised Plaintiff he would follow up with her on the following Monday regarding the remote work agreement. However, Mr. Travis did not.

18. Following the meeting of November 15, Plaintiff complained to Chad Berry (approximately late 30s or early 40s, male), CFO and human

resources for Defendant, that Plaintiff felt she was being treated differently than others in the company.

19. At the least, one or more male and/or significantly younger employees of comparable position and under the same supervisor as Plaintiff we allowed to continue working remotely.

20. On or around December 8, 2017, Mr. Travis and Mr. Berry terminated Plaintiff's employment.

21. The stated reason for Plaintiff's termination was that Plaintiff was unwilling to move to Oklahoma City on a full-time basis.

22. Such reason is false and pretextual in that Plaintiff had an agreement with Defendant to work remotely, and other, significantly younger employees were allowed to continue working remotely. Moreover, additional conversations over this issue were promised, but were not had.

23. Plaintiff again complained about the differential treatment but was terminated anyway.

24. Plaintiff was replaced by a significantly younger, less experienced and less qualified employee.

25. At the least, Plaintiff's gender, and/or her age, and/or her complaints of discrimination were motivating factors in Defendant's decision to

terminate her employment.

26. As a direct result of Defendant's actions Plaintiff has suffered lost wages (including back, present and front pay along with the value of benefits associated with such wages), and dignitary harm/emotional distress type damages including stress, worry, and sadness.

27. Plaintiff has exhausted her administrative remedies by timely filing a charge of discrimination on or around February 19, 2018. The EEOC issued Plaintiff's right to sue letter on November 13, 2018, and Plaintiff received such letter thereafter. This complaint is timely filed within ninety days of Plaintiff's receipt of her right to sue letter.

28. Discrimination based on gender and/or age and retaliation for complaining of the same are prohibited by Title VII, the ADEA, and by the Oklahoma Anti-Discrimination Act.

29. Under Title VII, the ADEA, and the OADA, Plaintiff is entitled to compensation for all lost wages and benefits arising from the termination.

30. Under Title VII, the Plaintiff is also entitled to recover damages for the dignitary harms suffered as a result of such termination.

31. Under both the ADEA and the OADA, Plaintiff is entitled to an award of liquidated damages.

32. Because the actions of Defendant were willful, malicious, or at the least in reckless disregard for Plaintiff's protected rights under Title VII, Plaintiff is further entitled to punitive damages.

33. The actual damages under Plaintiff's claims exceeds Ten Thousand Dollars ($10,000.00).

## PRAYER

**WHEREFORE**, Plaintiff prays that this Court enter judgment in favor of the Plaintiff and against the Defendant and assess actual, compensatory and punitive damages together with pre- and post-judgment interest, costs, attorney's fees and such other relief as this Court may deem equitable and appropriate.

RESPECTFULLY SUBMITTED THIS 4th DAY OF FERBUARY, 2019.

Leah M. Roper, OBA # 32107
D. Colby Addison, OBA #32718
LAIRD HAMMONS LAIRD, PLLC
1332 SW 89th Street
Oklahoma City, OK 73159
Telephone: 405.703.4567
Facsimile: 405.703.4067
E-mail:  colby@lhllaw.com
        leah@lhllaw.com
ATTORNEYS FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED**

RECEIVED

FEB 06 2019

By: